IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TAMMY DANIEL, individually, and as surviving spouse of the late Orlando R. Daniel,<br><br>    *Plaintiff*,<br><br>v.<br><br>BAST AMRON, a Florida Limited Liability Partnership,<br><br>    *Defendant*. | CIVIL ACTION NO.<br>3:25-cv-000150-TES |

### ORDER

Before the Court is Defendant Bast Amron's Motion to Dismiss [Doc. 3] seeking to dismiss Plaintiff Tammy Daniel's ("Daniel") Complaint [Doc. 1] on multiple grounds.

### BACKGROUND

Plaintiff filed her Complaint on September 19, 2025. [Doc. 1]. The Complaint alleges several claims against Defendant Bast Amron, including unauthorized practice of law, fraud and misrepresentation, abuse of process, intentional infliction of emotional distress, and retaliation against a pro se litigant. *See* [*Id.*].

On July 16, 2025, Plaintiff filed a pro se wrongful death action in this Court, *Daniel v. Electrical Components International, Inc., et al.*, Case No. 3:25-cv-00112-TES (the "Underlying Litigation"). [*Id.* at ¶ 8]. On August 22, Bast Amron attorney Tanisha

Wright emailed Plaintiff to schedule a Rule 26(f) scheduling conference. [*Id.* at ¶ 9]. Plaintiff also alleges that in that same email, Ms. Wright falsely claimed to serve as "general counsel" for Defendants in the Underlying Litigation. [*Id.*]. At the time that the email was sent, Plaintiff argues that Ms. Wright had not filed an entry of appearance in the Underlying Litigation, was not licensed to practice law in Georgia, and had not been admitted pro hac vice. [*Id.* at ¶ 10]. Plaintiff asserts that the attorneys at Bast Amron continued to send Plaintiff multiple follow-up emails "despite knowing Plaintiff was pro se and vulnerable." [*Id.* at ¶ 11].

On September 2, 2025, Defendants filed a Motion to Dismiss in the Underlying Litigation. [*Id.* at ¶ 12]. On September 3, 2025, Defendants served a Subpoena Duces Tecum on Plaintiff in an unrelated case pending in Florida. [*Id.* at ¶ 13]. Plaintiff argues that she was "not a party to that case nor was she a relevant witness" and that the subpoena was "issued solely to harass and intimidate her." [*Id.* at ¶ 14]. Plaintiff continues by alleging that Defendant's conduct was "intentional, retaliatory, and designed to discourage Plaintiff from exercising her legal rights." [*Id.* at ¶ 16].

## **LEGAL STANDARD**

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), district courts must accept the facts set forth in the complaint as true. *Twombly*, 550 U.S. at 572. A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v.*

*Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but

legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

4

## DISCUSSION

Defendant Bast Amron's first contention is that Plaintiff's unauthorized practice of law claim lacks merit and should be dismissed. Georgia law provides that "[i]t shall be unlawful for a person other than a duly licensed attorney at law to practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body." O.C.G.A. § 15-19-51(a)(1). Plaintiff 's Complaint insists that Defendants engaged in the unauthorized practice of law by "signing pleadings and corresponding as counsel without admission." [Doc. 1, ¶ 21].

However, the Bast Amron attorneys are, in fact, licensed attorneys at law. This fact is evidenced in the Petition for Admission to Plead and Practice *Pro Hac Vice* submitted by the Bast Amron attorneys in the Underlying Litigation and order from this Court granting both petitions. *See Daniel v. Electrical Components International, Inc., et al.*, Case No. 3:25-cv-00112-TES, Dkt. Nos. 11–14. In fact, the Court has already dealt with Plaintiff's previous complaints about this very issue in the Underlying Litigation. This Court granted Defendant attorney's application for admission to plead and practice pro hac vice and found that "Plaintiff offered no sufficient reason to revoke the pro [hac] vice status." *See* [*Id.* at Dkt. No. 16]. Based on the above, it is unclear what, exactly, Plaintiff believes constitutes wrongdoing on the part of Defendant. Accordingly, Plaintiff's claim for unauthorized practice of law must be dismissed.

Next, Defendant argues that Plaintiff's claim for fraud and misrepresentation should be dismissed for failure to state a claim upon which relief may be granted. To present a claim for fraud, a plaintiff must show (1) that the defendant made a material misrepresentation, (2) that at the time he knew it was false, (3) that he made it intending to deceive the plaintiff, (4) that the plaintiff justifiably relied on the misrepresentation, and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of its having been made. *Bush v. Eicholz*, 352 Ga. App. 465, 475 (2019).

Additionally, allegations of fraud must be pled with particularity under both federal and Georgia law. *See* Fed. R. Civ. Pro. 9(b); O.C.G.A. § 9-11-9(b). Under the federal rules, a plaintiff must show (1) that the precise statements, documents, or misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which these statements misled the plaintiffs, and (4) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997).

A review of Plaintiff's Complaint reveals that Plaintiff is unable to meet that burden. Plaintiff's bare assertion that "Bast Amron knowingly misrepresented its status as 'general counsel' with authority to represent Defendants in Georgia federal court" is simply not enough to establish a claim for fraud. [Doc. 1, ¶ 23]. Plaintiff complains generally that Defendant does not serve as general counsel for the defendants in the Underlying Litigation despite saying so in an email. [Doc. 1, ¶ 23]. However, by all

accounts, Defendant does, in fact, serve as general counsel to the defendants in the Underlying Litigation. This is evidenced by the fact that Defendant has entered an entry of appearance on behalf of the defendants in the Underlying Litigation. Plaintiff has presented absolutely no information to suggest that Defendant is not serving as general counsel for the defendants in the Underlying Litigation. As such, the lack of particularity in Plaintiff's claim will not support a claim for fraud and misrepresentation.

Even assuming that Plaintiff had pled her claim with the requisite factual particularity, Plaintiff has nonetheless failed to sufficiently allege that she justifiably relied on any statement from Defendant. Plaintiff's Complaint lacks any allegation to suggest that she relied on Defendant's statements or that she took in any actions in response to Defendant's assertion that it serves as general counsel for the defendants in the Underlying Litigation. In fact, Plaintiff's own pleadings indicate that she ignored all communications from Defendant, including the email wherein Defendant represents itself as general counsel for the defendants in the Underlying Litigation. Accordingly, Plaintiff is unable to sustain a claim for fraud and misrepresentation.

Next, Defendant asserts that Plaintiff's claim for abuse of process should be dismissed. Abuse of process occurs when a plaintiff in a civil proceeding willfully misapplies the process of the court in order to obtain an object which the process is not intended by law to effect." *Whitehead v. Southern Discount Co.*, 109 Ga. App. 126, 127

(1964). It matters most whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do. *Id.* at 128.

The allegations found in Plaintiff's Complaint, however, do not support a finding of abuse of legal process. Plaintiff alleges that "Defendant's conduct in subpoenaing in unrelated litigation constitutes a perversion of legal process" and that the subpoena was "weaponized to intimidate and punish Plaintiff for filing [the Underlying Litigation]." [Doc. 1, ¶¶ 27, 28]. However, there is no indication that the subpoena issued by Defendant was intended to harass or intimidate Plaintiff. Defendant has every right to issue a subpoena to a third party during the course of active litigation. The subpoena itself offers no indication of wrongdoing or ill intent — it simply seeks to collect communications between Plaintiff and "ByoPlanet International, LLC, Richard O'Shea, RPMOS, LLC, Good Salt, LLC, and their counsel . . ." for the purpose of determining whether those entities and individuals had any involvement in the Underlying Litigation. The information sought is relevant, as many of the allegations put forth by Plaintiff as a pro se litigant were substantially similar to those in a series of unrelated lawsuits filed in Florida involving the entities and individuals listed in the subpoena. It is clear that Plaintiff has simply not alleged sufficient facts to sustain a claim for abuse of legal process.

Defendant furthermore argues that Plaintiff's claim for intentional infliction of emotional distress ("IIED") lacks merit. A person is liable for IIED when he "by extreme and outrageous conduct" intentionally or recklessly causes severe emotional distress or resulting in bodily harm to another. *Kimsey v. Akstein*, 408 F. Supp. 2d 1281, 1306 (N.D. Ga. 2005) (quotations omitted) (citations omitted). Critically, the conduct complained of "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cornelius v. Auto Analyst, Inc.*, 222 Ga. App. 759, 762 (1996). Plaintiff has not met her burden of proving such conduct in this case. While Plaintiff does allege that "Bast Amron's conduct was extreme and outrageous, directed at a grieving widow and mother of twelve children," there is no factual basis to support a claim for IIED. [Doc. 1, ¶ 29]. Plaintiff fails to take even the most basic step of identifying which conduct, exactly, she finds extreme and outrageous. The Court will not take on the burden of guessing what conduct has allegedly offended Plaintiff. Without more, Plaintiff's claim for IIED must be dismissed.

Finally, Defendants seek to have Plaintiff's claim for retaliation dismissed as it does not clearly describe the nature and basis of Plaintiff's retaliation claim. Plaintiff alleges that "[Defendant's] actions were undertaken in retaliation for Plaintiff's filing of her wrongful death case, designed to silence and discourage her from pursuing legitimate claims." [Doc. 1, ¶ 31]. However, as correctly noted by Defendant, Plaintiff

9

does not "state under which statute or law her retaliation claim is based, what adverse action was taken against her, nor does she delineate which alleged actions by Bast Amron were retaliatory." [Doc. 3-1, p. 12]. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372, F.3d 1250, 1262 (11th Cir. 2004). Plaintiff's Complaint does not provide any factual allegations to support her claim for retaliation. Plaintiff fails to even identify what actions were allegedly retaliatory. It is impossible to deduce the factual origin of Plaintiff's claim from the cursory statement provided in her Complaint. It is unclear to the Court what activity is complained of and under what legal theory Plaintiff would be entitled to relief. Without more, Plaintiff's Complaint fails to state a claim for retaliation.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 3]. Accordingly, the Court **DISMISSES** Plaintiff's claims asserted against Defendant without prejudice. The Court directs the Clerk of Court to enter judgment closing this case.

**SO ORDERED**, this 13th day of November, 2025.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**